On March 7, 1947, plaintiff became the owner of certain property in Nassau County, at which time defendant issued its policy of title insurance to plaintiff. On March 17, 1948, plaintiff contracted to sell the property to Ronor Realty Corp. for $57,000. Ronor rejected title because of an *789 alleged restrictive covenant. Defendant was notified of Honor’s rejection of the title and the reasons therefor, at which time defendant, in effect, stated that the reasons were insufficient. On June 11, 1948, plaintiff contracted to sell the property to Calagna and Albert for $50,600, the contract providing that the seller “ shall give and the purchaser shall accept a title ” such as defendant will approve and insure. Defendant would not approve and insure plaintiff’s title without excepting the right of Honor under the March 17, 1948, contract. Because of this exception, plaintiff obtained a release from Honor, in exchange for which it gave Honor a release. In this action plaintiff sues to recover from defendant the damages which it would have collected from Honor ($6,400, the difference between the purchase price in the March 17, 1948, contract and that in the June 11, 1948, contract) on the theory that the exception which defendant sought to insert in its title policy was not a defect in plaintiff’s title, to defendant’s knowledge, but was false and malicious. Order denying defendant’s motion to dismiss the amended complaint for insufficiency reversed on the law, with $10 costs and disbursements, and the motion granted, without costs. The damages suffered by plaintiff were not the result of the alleged slander of title, but were the result of the voluntary act of plaintiff in releasing Honor in order to give the purchasers the title plaintiff contracted to give them. (Fry v. Title Ins. & Trust Co., 187 Cal. 168.) Where the contract requires that the seller shall give and the purchaser shall accept a title such as a designated title company will approve and insure, the seller assumes the burden of delivering a title which the title company will approve and insure unconditionally and without exceptions. (New York Investors, Inc., v. Manhattan Beach Bathing Parks Corp., 256 N. T. 162; Eastman v. Horne, 205 N. T. 486; Flanagan v. Fox, 6 Mise. 132, affd. on opinion below 144 N. T. 706.) That language is not an agreement on the part of the title company that it will insure marketable title. A title company has the right to select the risks it will insure and is not bound to insure a title, even though it is marketable. Nolan, P. J., Carswell, Johnston, Adel and Mac-Crate, JJ., concur.